## DEAL *v.* FINCH.

Where one sold to another a parcel of land and executed and delivered a deed describing it as "containing 100 acres more or less," and the vendee went into possession and discovered later that it contained less than 100 acres, and, contending that she bought by the acre and not by the tract, employed a surveyor, who surveyed and marked out of the vendor's land adjoining the tract conveyed, without the consent of or notice to the vendor, a sufficient number of acres to make up the difference, and no possession is shown in the vendee, or acquiescence by the vendor in the line thus run; and where subsequently the vendee sold the land and executed and delivered a deed to F., describing in the language of the first deed as "containing 100 acres more or less," and the original vendor cleared the land surveyed and marked out by his vendee and cultivated it after that time for four years before the present suit was brought, the original vendee obtained no title to the additional land surveyed and marked out by her, nor did her vendee.

JULY 18, 1913.

Equitable petition. Before Judge Rawlings. Bulloch superior court. March 16, 1912.

J. C. Deal and Webb Donaldson brought their petition against W. S. Finch, W. W. Parish, justice of the peace, and M. M. Pennington, constable, for injunction and other relief. The pleadings and evidence showed substantially the following: In 1892 Deal, one of the plaintiffs, sold and conveyed by deed to his sister, Mrs. Annie Strouse, a certain tract of land in Bulloch county, described in the deed as "containing one hundred (100) acres more or less." At the time of this sale Deal owned two adjacent tracts of land, known as the Hardee tract, containing about 987 acres, and the Bell place, containing about 80 acres. The sale to Mrs. Strouse embraced all of the Bell place, and in addition a small portion was to be cut off of the Hardee tract. A survey was made by a surveyor employed by Deal, and Mrs. Strouse's husband was present when the line was run. No question seems to have been raised by Mrs. Strouse from the time of the execution of the deed to her in 1892 until 1896, after she had bargained to sell the land to Finch, and at which time she had a survey made, without notice to Deal, which showed a shortage in the number of acres. No offer to rescind the trade appears to have been made by Mrs. Strouse, nor any claim of an apportionment in the price of the land for the number of acres falling short. Neither Mrs. Strouse nor Finch, her grantee, so far as the record shows, at any time since the survey of the line by Mrs. Strouse had actual possession of the land in controversy.

In the meantime, Deal had cleared the timber from a portion of the land, and his tenant was cultivating the same. In 1909, Finch, the grantee of Mrs. Strouse, demanded rent from Donaldson, the tenant of Deal, and, on the refusal of Donaldson to pay him rent, sued out a distress warrant against him. Donaldson filed a counter-affidavit to the distress warrant, in which he denied owing any rent to Finch and alleged that Finch had no title to the land, but that Deal, his landlord, was the owner. Deal and Donaldson then filed the present petition, alleging that the sole question involved in the trial of the distress warrant was one involving the title to the land, and that the justice's court had no jurisdiction to determine that issue or to award the plaintiffs full and adequate relief. Deal further alleged that the claim of title by Finch constituted a cloud upon his title to the land; and that unless the question of title was settled, his tenants would from year to year continue to be annoyed and harassed by the foreclosure of distress warrants against them by Finch. The prayer of the petition was, that the defendants be enjoined from further prosecuting the distress warrant, and that title to the land in controversy be adjudged to be in Deal, etc. The jury returned a verdict for the defendant; upon which the court entered a decree adjudging the title to the land in controversy to be in the defendant Finch. Deal made a motion for a new trial, which being overruled, he excepted.

*Brannen & Booth,* for plaintiff. *H. B. Strange,* for defendant.

HILL, J. (After stating the foregoing facts.) This case involved the title to a parcel of land. It appears from the record that the plaintiff Deal owned two tracts of land, one known as the Hardee tract and the other as the Bell place. He sold the Bell place, and a portion of the Hardee tract adjoining, to his sister, Mrs. Strouse, and executed and delivered to her a deed describing the land, in which it was stated that it "contained one hundred acres more or less." Mrs. Strouse in turn conveyed a tract of land to the defendant Finch, describing it as "containing one hundred acres more or less." The plaintiff's contention was, that he sold and conveyed to Mrs. Strouse the Bell place and a certain portion of the Hardee place, all of which he and Mrs. Strouse estimated to contain about one hundred acres, and that the land was sold by the tract, and not by the acre. The contention of the defendant Finch was, that the plaintiff sold to Mrs. Strouse one hundred

acres of land, which consisted of the Bell place and enough of the Hardee tract to make the one hundred acres; that the purpose of the deed he made to Mrs. Strouse was to convey one hundred acres; and that the words "more or less" were inserted in the deed from the plaintiff to Mrs. Strouse by the clerk who prepared the deed, he saying at the time that it was customary to put such words in deeds. After the deed from the plaintiff to Mrs. Strouse was executed and delivered, Mrs. Strouse contended that the land described in the deed to her from the plaintiff did not contain one hundred acres, and had a surveyor to run off a sufficiency of the Hardee tract of land to make one hundred acres, and to mark a line indicating the additional land she claimed to make up the deficiency. This survey was made and the line run and marked without the knowledge or consent of the plaintiff. Afterwards Deal had a portion of the land so surveyed and marked off cleared, and cultivated it for about four years before this suit was instituted. He never did anything towards ratifying the action of Mrs. Strouse in having the additional land surveyed and marked off, so far as the record discloses, but, on the contrary, cleared and cultivated the land for several years after this without interference. It is not clear whether Mrs. Strouse, in the deed made by her to the defendant Finch, included such additional part of the Hardee place; but granting that she did, the defendant under such deed did not get a good title to it as against Deal; and therefore the evidence did not authorize a verdict in behalf of the defendant. Indeed, under the record as it now stands, it would not have been improper for the court to have directed a verdict in favor of the plaintiffs. The court erred in refusing to grant the motion for a new trial.

*Judgment reversed. All the Justices concur.*